Kaufman et al., Appellants, *v.* Erie et al.

Argued September 24, 1934. Before FRAZER, C. J. SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Charles P. Hewes,* for appellants.

*S. L. Gilson,* for appellee.

PER CURIAM, November 26, 1934:

Plaintiffs, taxpayers of the City of Erie, have appealed from a decree of the Court of Common Pleas of Erie County dismissing their bill in equity, first filed to enjoin the letting of a municipal contract, and later amended to pray that the contract be declared null and void and the money paid thereunder refunded to the City of Erie. The contract in question was for the construction of a pipe line extending approximately 9,200 feet into

Lake Erie and known as the Lake Section of a sewage disposal plant, authorized by ordinance of the city council in 1930. The successful bidder was the Merritt, Chapman & Scott Corporation, which, together with the American Construction Company as joint contractor, has successfully completed the work according to the plans and specifications. The L. A. Wells Company, which was not awarded the contract although it submitted the lowest bid, has been joined as a party plaintiff and is primarily responsible for instituting the present proceedings.

An examination of the record discloses there is no substance in the questions raised by appellants. The chancellor carefully considered all of plaintiffs' objections to the award of the contract, and we are in agreement with his findings of facts and conclusions of law, as set forth in a long and comprehensive opinion concurred in by the court in banc, which effectively and properly disposes of the entire controversy.

From the chancellor's findings of fact it appears the contract was duly awarded according to law, that after an investigation of the qualifications of the lowest bidder, it became evident the Wells Company was not properly equipped, financially and otherwise, to undertake a work of such magnitude, and that the construction work was eventually completed by the Merritt Corporation to the entire satisfaction of the municipality. There is no intimation of fraud or corruption on the part of the city officials or others concerned in the transaction, and no valid reason appears for disturbing the decision of the court below.

The decree is affirmed at appellants' cost.